IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GROUPCHATTER, LLC<br>    Plaintiff,<br><br>v.<br><br>ITRON, INC.<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>CIVIL ACTION NO. 6:15-cv-00900 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff GroupChatter, LLC files this Original Complaint against Defendant Itron, Inc. for infringement of: U.S. Patent Nos. 7,969,959; 8,199,740; 8,588,207; and 9,014,659.

**THE PARTIES**

1.  Plaintiff GroupChatter, LLC ("GroupChatter") is a Texas limited liability company with its headquarters and principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2.  Defendant Itron, Inc. ("Itron") is a Washington corporation with its principal place of business at 2111 North Molter Rd., Liberty Lake, WA 99019-9469. Itron may be served through its registered agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**JURISDICTION AND VENUE**

3.  GroupChatter brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Defendant does business in this judicial district, has committed acts of infringement in

this judicial district, has purposely transacted business in this judicial district involving the accused products, and/or has regular and established places of business in this judicial district.

5.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, due at least to its substantial business in this State and judicial district, including: (a) at least part of its infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,969,959)

6.     GroupChatter incorporates paragraphs 1 through 5 herein by reference.

7.     GroupChatter is the owner, by assignment, of U.S. Patent No. 7,969,959 (the "'959 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

8.     A true and correct copy of the '959 Patent is attached as Exhibit A.

9.     As the owner of the '959 Patent, GroupChatter holds all substantial rights in and under the '959 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

10.    The United States Patent Office granted the '959 Patent on June 28, 2011.

11.    The '959 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12.    Defendant has no consent or authorization to practice the '959 Patent.

13.    Itron is practicing one or more claims of the '959 Patent, including at least claims 1 and 30, by making, using, offering for sale, selling, and/or importing components and systems

for alerting groups of recipients over a wireless network.

14. Itron has directly infringed and continues to infringe the '959 Patent by practicing, without limitation, the methods of claims 1 and 30 by deploying, testing, and operating a wide area Advanced Metering Infrastructure (AMI) network that enables remote configuration, operation, and monitoring of utility meters (the "OpenWay AMI System").

15. The OpenWay AMI System consists of subsystems and components including ChoiceConnect, Itron Network Software, Itron Meter Data Management System, Field Collection System, collectors, repeaters, and endpoints.

16. The OpenWay AMI System operates with endpoints (e.g., electric meters) that have communication modules.

17. OpenWay AMI System endpoints are identified by device ID and/or network address.

18. The OpenWay AMI System relies on one or more wireless networks to communicate with the endpoints, where the wireless networks include power line communication (PLC) system components, mesh network components, cellular network components, repeaters, routers, collectors and other endpoints.

19. During operation of the OpenWay AMI System, Itron processes endpoint addresses, endpoint group addresses, outgoing communications, and incoming acknowledgment responses.

20. Actions may be performed on a set of grouped OpenWay AMI System endpoints.

21. GroupChatter has been damaged as a result of Defendant's infringing conduct. Itron is liable to GroupChatter in an amount that adequately compensates it for Itron's infringement, which, by law, can be no less than a reasonable royalty, together with interest and

costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2
### (INFRINGEMENT OF U.S. PATENT NO. 8,199,740)

22. GroupChatter incorporates paragraphs 1 through 21 herein by reference.

23. GroupChatter is the owner, by assignment, of U.S. Patent No. 8,199,740 (the "'740 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

24. A true and correct copy of the '740 Patent is attached as Exhibit B.

25. As the owner of the '740 Patent, GroupChatter holds all substantial rights in and under the '740 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

26. The United States Patent Office granted the '740 Patent on June 12, 2012.

27. The '740 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

28. Itron is practicing one or more claims of the '740 Patent, including at least claims 1 and 11, by making, using, offering for sale, selling, and/or importing components and systems for alerting groups of recipients over a wireless network.

29. Itron has directly infringed and continues to infringe the '740 Patent by practicing one or more claims of the '740 Patent, including at least claims 1 and 11, by deploying, testing, and operating the OpenWay AMI System and its subsystems that provide a deterministic group messaging system through which Itron alerts groups of recipient endpoints over a wireless network.

30. OpenWay AMI System endpoints are capable of transmitting and receiving data wirelessly.

31. Itron stores and processes endpoint and group addresses for multiple endpoints.

32. Itron provides endpoints with data by broadcasting outgoing communications to the endpoints and processes incoming acknowledgments when it operates the OpenWay AMI System and related subsystems.

33. The OpenWay AMI System and related subsystems are a deterministic group messaging system for providing acknowledged group messaging.

34. GroupChatter has been damaged as a result of Defendant's infringing conduct described in Count 2. Itron is liable to GroupChatter in an amount that adequately compensates it for their infringement, which amount, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 3
### (INFRINGEMENT OF U.S. PATENT NO. 8,588,207)

35. GroupChatter incorporates paragraphs 1 through 34 herein by reference.

36. GroupChatter is the owner, by assignment, of U.S. Patent No. 8,588,207 (the "'207 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

37. A true and correct copy of the '207 Patent is attached as Exhibit C.

38. As the owner of the '207 Patent, GroupChatter holds all substantial rights in and under the '207 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

39. The United States Patent Office granted the '207 Patent on November 19, 2013.

40. The '207 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

41. Itron is practicing one or more claims of the '207 Patent, including at least claims

1 and 8, by making, using, offering for sale, selling, and/or importing the OpenWay AMI System and its subsystems that provide a deterministic group messaging system through which Itron alerts groups of recipients over a wireless network.

42. Itron has directly infringed and continues to infringe the '207 Patent by deploying, testing, and operating the OpenWay AMI System that provides acknowledged group messaging with endpoints (e.g., utility meters) in the OpenWay AMI System.

43. Itron processes endpoint and group identifiers, provides the endpoints with related data, wirelessly transmits outgoing communications to the endpoints, and processes incoming acknowledgments when it operates the OpenWay AMI System and related subsystems.

44. The OpenWay AMI System and related subsystems are a deterministic group messaging system and provide acknowledged group messaging.

45. GroupChatter has been damaged as a result of Defendant's infringing conduct described in Count 3. Itron is liable to GroupChatter in an amount that adequately compensates it for their infringement, which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 4
### (INFRINGEMENT OF U.S. PATENT NO. 9,014,659)

46. GroupChatter incorporates paragraphs 1 through 45 herein by reference.

47. GroupChatter is the owner, by assignment, of U.S. Patent No. 9,014,659 (the "'659 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

48. A true and correct copy of the '659 Patent is attached as Exhibit D.

49. As the owner of the '659 Patent, GroupChatter holds all substantial rights in and under the '659 Patent, including the right to grant sublicenses, exclude others, and to enforce,

sue, and recover damages for past and future infringement.

50. The United States Patent Office granted the '659 Patent on April 21, 2015.

51. The '659 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

52. Itron is practicing one or more claims of the '659 Patent, including at least claims 1 and 10, by making, using, offering for sale, selling, and/or importing the OpenWay AMI System and its subsystems that provide a deterministic group messaging system through which Itron alerts groups of recipients over a wireless network.

53. Itron has directly infringed and continues to infringe the '659 Patent by deploying, testing, and operating the OpenWay AMI System that provides acknowledged group messaging with endpoints in the OpenWay AMI System.

54. In operation, the OpenWay AMI System provides acknowledged group messaging.

55. The OpenWay AMI System stores an identifier for a plurality of endpoints.

56. The OpenWay AMI System provides for grouping of endpoints and assignment of a group identifier to a group of endpoints.

57. The OpenWay AMI System wirelessly transmits data to endpoints.

58. The OpenWay AMI System processes incoming acknowledgments from endpoints within a group.

59. The OpenWay AMI System and related subsystems monitor for responses from endpoints to group message transmissions.

60. The OpenWay AMI System and related subsystems are a deterministic group messaging system for providing acknowledged group messaging.

61. GroupChatter has been damaged as a result of Itron's infringing conduct described in Count 4. Itron is liable to GroupChatter in an amount that adequately compensates it for their infringement, which compensation, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

62. Itron is hereby notified it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Itron knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

63. As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and

all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of any and all of Itron's agents, resellers, or employees if Itron's electronically stored information resides there.

64. Itron is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Itron's claims and/or defenses. To avoid such a result, Itron's preservation duties include, but are not limited to, the requirement that Itron immediately notify its agents and employees to halt and/or supervise the auto-delete functions of Itron's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

GroupChatter hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER FOR RELIEF

GroupChatter prays for the following relief:

    a. That Itron be summoned to appear and answer;

    b. That the Court enter an order declaring that Itron has infringed the '959 Patent, the '740 Patent, the '207 Patent, and the '659 Patent.

    c. That the Court grant GroupChatter judgment against Itron for all actual, consequential, special, punitive, increased, and/or statutory damages, including, if necessary, an accounting of all damages; pre and post-judgment interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action; and

    d. That GroupChatter be granted such other and further relief as the Court may

deem just and proper under the circumstances.

Dated: October 14, 2015

Respectfully submitted,

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Ave., Suite 1050
Austin, Texas 78701
512.473.2257 Telephone
512.478.4409 Facsimile

By: *[signature]*
Cabrach J. Connor
State Bar No. 24036390
Email: cconnor@taylordunham.com
David E. Dunham
State Bar No. 06227700
Email: ddunham@taylordunham.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email: jtatum@taylordunham.com
Sergio R. Davila
Texas Bar No. 24079795
Email: sdavila@taylordunham.com